**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

JERMIAH DOCKERY,                              )
                                             )
              Petitioner,                     )
v.                                           )          No. 12-2629-STA-cgc
                                             )
UNITED STATES OF AMERICA,                     )
                                             )
              Respondent.                     )

---

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING MOTIONS FOR DISCOVERY
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner

Jermiah Dockery ("Dockery"), Bureau of Prisons register number 24614-076, an inmate at the

Federal Prison Camp in Millington, Tennessee (§ 2255 Motion, ECF No. 1.)  For the reasons

stated below, Dockery's § 2255 Motion is **DENIED**.

## BACKGROUND

### I.      Criminal Case Number 11-20104

On April 26, 2011, a federal grand jury sitting in the Western District of Tennessee

returned an indictment against Dockery, charging him with one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of knowingly

possessing a quantity of cocaine in violation 21 U.S.C. § 844.  (*See* Indictment, *United States v.*

*Jermiah Dockery a/k/a Jermiah Wiseman,* 2:11-cr-20104-STA (W.D. Tenn.), ECF No. 1.) Dockery entered a plea of not guilty as to both charges, and the Court appointed the Federal Public Defender to represent Dockery. Pursuant to an agreement with the United States, Dockery changed his plea to guilty as to the firearms offense at a change of plea hearing on September 1, 2011, and the United States agreed to dismiss the controlled substances offense at sentencing.

The presentence report ("PSR") described the following factual basis for the charges against Dockery.

**The Offense Conduct**

5.     According to the investigative file, on August 6, 2010, Erica Hampton ended her relationship with Jermiah Dockery and advised him to leave her residence. At that time, Dockery became upset, refused to leave, and threatened to shoot Hampton. Consequently, Hampton contacted law enforcement officers and reported that Dockery was armed. Officers with the Memphis Police Department subsequently responded to the residence, located at 2075 South Cabana Circle, in Memphis, TN, in regards to the complaint. Upon arrival, officers located Dockery, who was in possession of two black bags and one clear bag. Dockery was immediately detained and a record check revealed he had two outstanding warrants out of Shelby County, TN.

6.     After his arrest, the bags possessed by Dockery were searched and found to contain a revolver, a scale, a razor blade, and 1.16 grams of cocaine. The bags also contained various personal items including cell phones, cameras, and a laptop computer. While in custody, Dockery spontaneously uttered that he used cocaine immediately prior to the arrival of the officers.

7.     According to the Bureau of Alcohol, Tobacco, Firearms, Ammunition, and Explosives, the weapon was not manufactured in TN, and therefore, at some point traveled in interstate and/or foreign commerce. A criminal history search revealed Dockery had a previous felony conviction in Shelby County, TN.

. . . .

## Offense Level Computation

11. **Guidelines Manual**: 2010 edition.

12. **Base Offense Level:** Violations: 18:922(g).                 20
    Guideline: § 2K2.1 – Felon in Possession of
                                              a Firearm

    The defendant committed the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. § 2K2.1(a)(4). (See ¶ 23).

13. **Special Offense Characteristic:** Used in connection with another felony offense. § 2K2.1(b)(6).  (See ¶¶ 6 & 29).                 +4

14. **Victim Related Adjustments:** None.                 0

15. **Adjustment for Role in the Offense:** None.                 0

16. **Adjustment for Obstruction of Justice:** None.                 0

17. **Adjusted Offense Level (Subtotal):**                 24

18. **Adjustment for Acceptance of Responsibility**: Full reduction. § 3E1.1.                 -3

    * Pursuant to the plea agreement, the government agrees to recommend a reduction for acceptance of responsibility.  It should be noted, the one additional level may only be granted upon a formal motion by the government at the time of sentencing.

19. **Total Offense Level:**                 21

20. **Chapter Four Enhancements:** None.                 0

21. **Total Offense Level:**                 21

. . . .

(PSR ¶¶ 5-7, 11-21)

3. On September 1, 2011, the defendant appeared before United States District Judge S. Thomas Anderson and entered a plea of guilty to count one of the indictment.  Portions of the written plea agreement relevant to sentencing are as follows:

-    The defendant agrees to enter a voluntary plea of guilty to count one of the indictment because he is, in fact, guilty of the conduct contained within that count. If it is determined that the Armed Career Criminal Act applies, the defendant may not withdraw his guilty plea.

-    The parties agree that the specific offense characteristic enhancement found at USSG § 2K2.1(b)(6) is applicable in this case.

-    The government agrees to recommend the defendant 1) receive full credit for acceptance of responsibility; 2) be sentenced at the low end of the advisory guideline range as that range is determined by the Court; 3) be placed on supervised release for a period of time to be determined by the Court, subject to the standard conditions of supervised release; 4) be required to pay a fine amount as determined by the Court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and 5) pay the mandatory special assessment of $100, said amount due and owing as of the date sentence is pronounced. The government also agrees to dismiss count two of the indictment, with prejudice, at sentencing.

-    The defendant waives and gives up his right to appeal the conviction in this case, as well as any fines, restitution, and/or sentence the Court might impose. The defendant further waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. However, the defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following: 1) any claim relating to prosecutorial misconduct or ineffective assistance of counsel; 2) any sentence imposed in excess of the applicable statutory maximum sentence; and 3) any sentence that constitutes an upward departure from the advisory guideline range calculated by the Court at the time the sentence is imposed. The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction.

. . . .

(PSR ¶ 3)

The undersigned sentenced Dockery to a term of imprisonment of forty-six (46) months, to be followed by two years supervised release, and a Special Assessment of $100. (*See* Judgment, ECF No. 42.) Dockery did not take a direct appeal, having waived the right to do so.

### B. Civil Case 12-2629

On July 25, 2012, Dockery filed his *pro se* § 2255 Motion. Dockery's § 2255 Motion presents the following issues:

1. Ineffective assistance of counsel during plea negotiations for agreeing to the § 2K2.1(b)(6) sentencing enhancement;

2. Ineffective assistance of counsel for failing to object to the § 2K2.1(b)(6) sentencing enhancement at the sentencing hearing;

3. Counsel ineffective for not advising that count two of the indictment charging Dockery with a controlled substances offense under 21 U.S.C. § 844 was not a felony and therefore could not support the § 2K2.1(b)(6)sentencing enhancement; and

4. Counsel ineffective for failing to file a motion briefing the factors set out at 18 U.S.C. § 3582 and arguing that the § 2K2.1(b)(6) sentencing enhancement was not applicable after count two was dismissed and because the government had not proven the facts supporting the enhancement beyond a reasonable doubt.

(*See* § 2255 Motion, ECF No. 1.)

The Court went on to grant three separate motions Dockery filed to amend his petition. (Order Granting Motions to Amend, ECF No. 9.)[1] Dockery amended to his petition to raise the following additional issues:

---

[1] Pursuant to Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"), "[t]he [§2255] motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This District uses the form promulgated by the Administrative Office of the United States Courts. The Court acknowledges that Dockery's subsequent amendments were not filed on the official form. However,

5.      Denial of effective assistance of counsel for counsel's failure to object to the Court's fact-finding as to the 21 U.S.C. § 844 charge and application of the four-level enhancement at § 2K2.1(b)(6);

6.      Denial of effective assistance of counsel for counsel's failure to object to the Court's conclusion that Dockery's simple possession was a felony offense under Tennessee law and the resulting two-point increase in Dockery's offense level where Dockery's prior conviction occurred while he was a minor and more than five years prior to his instant simple possession charge (see Motion to Amend, ECF No. 2);

7.      Denial of effective assistance of counsel for counsel's prejudice and bias against Dockery as evidenced by counsel's failure to object to the § 2K2.1(b)(6) sentencing enhancement, the Court's fact-finding as to Dockery's simple possession, and the use of a prior possession offense which occurred while Dockery was still a minor (see Motion to Amend, ECF No. 3);

8.      Denial of effective assistance of counsel for counsel's failure to obtain all exculpatory evidence;

9.      Denial of effective assistance of counsel for counsel's failure to advise Dockery about his administrative remedies;

10.     Denial of effective assistance of counsel due to counsel's "working for the benefit of the government;"

11.     Denial of effective assistance of counsel for counsel's failure to "rebut" the government's plea offer;

12.     Denial of effective assistance of counsel due to counsel's bad faith and "bias representation;"

13.     Denial of effective assistance of counsel for counsel's failure to file an objection to "clear sentencing errors." (see Motion to Amend, ECF No. 4.)

In an order issued January 7, 2013, the Court also directed the government to respond to

the § 2255 Motion. (Order Directing Response, ECF No. 9.) The government filed its Response

to Dockery's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255

---

because the Court did not previously instruct Dockery to refile his amended § 2255 Motion on the official form, the Court will accept Dockery's improper filing.

("Answer") on March 29, 2013. (Answer, ECF No. 17.) The certificate of service reflects that a copy of the Answer was mailed to Dockery at his address of record. (*Id.* at 16.) In its Answer, the government argues that Dockery's ineffective assistance of counsel claims are actually collateral attacks on his sentence and that Dockery voluntarily waived any collateral attack on his sentence under the terms of his plea agreement. To the extent that Dockery has alleged any proper claims of ineffective assistance of counsel, he has failed to satisfy the heavy burden of *Strickland v. Washington*. Dockery cannot show that counsel's representation was deficient or that Dockery suffered any prejudice. Dockery's claims about counsel's failure to object to the four-point sentencing enhancement under § 2K2.1(b)(6) is without merit because the enhancement clearly applied in this case. For these reasons the Court should deny Dockery's Motion under § 2255.

Subsequent to the government filing its Answer, Dockery filed a separate memorandum (ECF No. 25) and a traverse (ECF No. 29). In both filings, Dockery reiterates his claim that defense counsel coerced him into accepting the government's plea bargain and failed to advise him that § 2K2.1(b)(6) should not apply in his case. Dockery contends that § 2K2.1(b)(6) did not apply under the facts of his case because his simple possession of narcotics was not a felony under 21 U.S.C. § 844 and did not constitute a felony under Tennessee law. Dockery did not possess the firearm in connection with another felony offense. Dockery concludes his memorandum by arguing that the cumulative effect of counsel's errors entitles him to resentencing or an evidentiary hearing.

On February 7, 2014, Dockery filed a motion to amend his traverse (ECF No. 34). In his motion to amend, Dockery restates his claim that counsel was ineffective by failing to object to the four-level enhancement under § 2K2.1(b)(6). Dockery also claims that his guilty plea was

not knowing or voluntary because counsel gave him erroneous advise about the § 2K2.1(b)(6) sentencing enhancement. According to Dockery, had counsel given him accurate legal advice, Dockery would not have pleaded guilty and would have proceeded to trial. The Motion to Amend the traverse to add these additional arguments is **GRANTED**.

## **STANDARD OF REVIEW**

Dockery seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[2] A § 2255 motion is not a substitute for a direct appeal.[3] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[4] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[5] The rule, however, is not absolute:

---

[2] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[3] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[4] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[5] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[6]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, by unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[7] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[8]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[9] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[10] The petitioner is then entitled to reply to the government's response.[11] The habeas court may also direct the parties to provide additional information relating to the motion.[12]

---

[6] *Id.*

[7] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[8] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[9] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[10] *Id.*

[11] Rule 5(d), Section 2255 Rules.

"Habeas petitions must meet heightened pleading requirements . . . ."[13]   "Generally, courts have held that conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255."[14]   An evidentiary hearing is required "to determine the truth of petitioner's claims" only where a factual dispute exists.[15]   No hearing is required "when a petitioner's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or are conclusions rather than statements of fact."[16]   Where, as here, the judge considering the § 2255 motion also presided over the trial, the judge may rely on his recollections of the trial.[17]   The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[18]

## ANALYSIS

### I. Pending Motions for Other Relief

Dockery has now filed a number of other Motions since the parties completed briefing on his § 2255 Motion.   On July 17, 2013, Dockery filed a Motion for Sentencing Transcript (ECF No. 26), requesting that the Court order that a transcript of Dockery's criminal sentencing

---

[12] Rule 7, Section 2255 Rules.

[13] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (construing requirements of 28 U.S.C § 2254 Rule 2(c) identical to the requirements of 28 U.S.C. § 2255 Rule 2(c)).

[14] *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (collecting cases).

[15] *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).

[16] *Ray*, 721 F.3d at 761 (citations and internal quotation marks and brackets omitted).

[17] *Id.*

[18] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

hearing be prepared. Dockery argues that the transcript will show that his attorney failed to object to the § 2K2.1(b)(6) sentencing enhancement. Dockery has not shown why he needs a copy of the sentencing transcript. The parties have fully briefed the issues, and based on the parties' filings, it appears to be undisputed that Dockery's trial attorney did not object to the § 2K2.1(b)(6) four-level sentencing enhancement. Furthermore, a copy of the transcript is already available on the docket of Dockery's criminal case, and the Court has reviewed the transcript as part of its consideration of Dockery's § 2255 Motion. Therefore, the Motion for Sentencing Transcript is **DENIED**.

Also, on July 17, 2013, Dockery filed a Motion to Proceed Without Prepayment of Fees (ECF No. 27). Dockery has submitted the official form requesting leave to proceed in forma pauperis and a copy of his prison trust fund account. This Motion is also not well taken. No filing fee is required to submit a motion to vacate pursuant to 28 U.S.C. § 2255. Insofar as Dockery's Motion is a request for the sentencing transcript at government expense, the Court has already denied the request for a transcript. Therefore, the Motion to Proceed Without Prepayment of Fees is **DENIED**.

On February 4, 2014, Dockery filed a Motion for Discovery (ECF No. 33), seeking leave to propound interrogatories on his trial counsel. Dockery filed this Motion after he had submitted his merits briefing on his § 2255 Motion. Rule 6(a) of the Rules Governing Section 2255 Proceedings permits a movant to obtain discovery upon a showing of good cause. The United States Supreme Court has held that a movant shows good cause "where specific allegations . . . show reason to believe that [the movant] may, if the facts are fully developed, be

able to demonstrate" an entitlement to relief.[19]   Dockery has not satisfied the good cause standard.   Dockery has not submitted his own factual affidavit, the trial record is readily available, and his former attorney and witnesses could have been subpoenaed to testify in the event the Court had deemed an evidentiary hearing necessary.   Perhaps more importantly, the merits briefing on Dockery's § 2255 Motion is now complete.   As such, Dockery has failed to show why he is entitled to any discovery.   Therefore, the Motion for Discovery is **DENIED**.

On February 12, 2014, Dockery filed a Motion for Production of Documents (ECF No. 35), requesting a copy of the transcript of his change of plea hearing.   Just as with the sentencing transcript, Dockery has not shown why he needs a copy of the change of plea hearing transcript. The parties have completed briefing, and Dockery's § 2255 Motion to Vacate is ripe for determination.   Therefore, the Motion for Production of Documents is **DENIED**.

The remaining Motions pending before the Court are Dockery's requests for a ruling on his § 2255 Motion.   Dockery filed the following Motions, all requesting that the Court take action on his § 2255 Motion: Motion to Request Ruling (ECF No. 37) filed on May 7, 2014; Motion to Compel the Court for an Expedited Ruling (ECF No. 38) filed on May 14, 2014; Motion Requesting Emergency Bond Review (ECF No. 40) filed on May 29, 2014; and Motion for Status Report (ECF No. 41) filed on September 23, 2014.   As the Court is rendering its decision on Dockery's § 2255 Motion in this opinion, Dockery's Motions for a ruling are **DENIED** as moot.   The Court now turns to the merits of Dockery's § 2255 Motion.

---

[19] *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012) (quoting *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997)).

## II. Waiver

The threshold issue for the Court is whether Dockery waived his right to bring the claims he now asserts in his § 2255 Motion. Dockery alleges that his trial attorney provided ineffective assistance primarily by failing to oppose the application of the sentencing enhancement found at U.S.S.G. § 2K2.1(b)(6) and also by failing to provide other kinds of legal counsel. The government argues that Dockery's claims of ineffective assistance are actually a backdoor attempt to challenge the sentence imposed by the Court, a challenge Dockery waived as part of his plea agreement. As a result, the Court should find that Dockery waived any claims related to his sentencing and dismiss his § 2255 Motion. A defendant may waive his rights to appeal or file a collateral attack as part of a plea agreement, and the courts will enforce the waiver "if the defendant entered into it knowingly and voluntarily, and if the scope of the waiver extends to the issues raised on appeal" or in a collateral attack.[20] "Plea agreements are contractual in nature" and are therefore construed under "traditional principles of contract law."[21] The Court's task is to ascertain the parties' intent "primarily through the chosen wording of their agreement" and by construing any ambiguities against the government.[22]

With these principles in mind, the Court holds that Dockery did not waive his right to bring a collateral attack on his sentence based on ineffective assistance of counsel. Paragraph 6 of the plea agreement reads as follows: "JERMIAH DOCKERY further waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28

---

[20] *United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013).

[21] *United States v. Fields*, 763 F.3d 443, 453 (6th Cir. 2014).

[22] *United States v. Hogg*, 723 F.3d 730, 744 (6th Cir. 2013).

U.S.C. § 2255." Paragraph 6 went on to set out limitations to this broad waiver of Dockery's rights, specifically, preserving Dockery's right to raise a "claim relating to prosecutorial misconduct or ineffective assistance of counsel." The Court finds that the plea agreement at paragraph 6 is clear and unambiguous: Dockery was preserving his right to raise ineffective assistance of counsel in a collateral proceeding such as a § 2255 motion, despite the fact that Dockery was otherwise waiving his right to bring a collateral attack on his sentence. It is true that Dockery now argues that counsel was ineffective for failing to challenge the application of a sentencing enhancement under the facts of his case. However, this appears to be exactly the kind of collateral challenge Dockery preserved in the plea agreement. Therefore, the Court concludes that Dockery's plea agreement did not include a waiver of the issues presented in his § 2255 Motion.

### III. Ineffective Assistance of Counsel

Dockery's § 2255 Motion is in its essence a claim of ineffective assistance of counsel based on a variety of supposed failings on the part of Dockery's court-appointed attorney. Most of Dockery's allegations center on counsel's failure to oppose, either during plea negotiations or during the sentencing phase, the application of the four-level sentencing enhancement found at U.S.S.G. § 2K2.1(b)(6). A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a § 2255 petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness."[23] "A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional

---

[23] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

assistance.  The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[24]

To demonstrate prejudice, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[26] The petitioner must do more than prove that counsel's errors had "some conceivable effect on the outcome of the proceeding;" the "errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[27]  Where, as here, a petitioner contends that his attorney rendered ineffective assistance at a sentencing hearing, prejudice is established where a misapplication of the Sentencing Guidelines increased a prisoner's sentence.[28]  A claim of ineffective assistance of counsel is a mixed question of fact and law.[29]

---

[24] *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks and citations omitted).

[25] *Strickland*, 466 U.S. at 694.  Additionally, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id.* at 697.  If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient.  *Id.*

[26] *Id.*

[27] *Richter*, 562 U.S. at 104 (internal quotation marks and citations omitted); *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . .  The likelihood of a different result must be substantial, not just conceivable.") (citations omitted); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to rule out [a more favorable outcome] to prevail.  Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

[28] *Glover v. United States*, 531 U.S. 198, 202-04 (2001).

[29] *McPhearson*, 675 F.3d at 559.

"Surmounting *Strickland*'s high bar is never an easy task."[30]

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052.[31]

The Court now turns to analyze each of the separate claims of ineffective assistance raised in Dockery's § 2255 Motion.

## A. Ineffective Assistance During Plea Negotiations

In Grounds One and Three, Dockery contends that counsel provided ineffective assistance during plea negotiations. Specifically, Dockery alleges that counsel agreed during plea negotiations to the § 2K2.1(b)(6) sentencing enhancement and did not advise Dockery that the § 2K2.1(b)(6) sentencing enhancement was inapplicable because count two of the indictment charging Dockery with a controlled substances offense under 21 U.S.C. § 844 was not a felony offense. In other words, while not denying that he possessed the firearm or the cocaine, Dockery claims that his possession of the narcotics did not meet the U.S.S.G.'s definition of "another

---

[30] *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

[31] *Richter*, 562 U.S. at 105.

16

felony offense." The Court finds Dockery's argument to be without merit. U.S.S.G. § 2K2.1(b)(6) provides for a four-level enhancement of a defendant's offense level for a firearms offense if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense."[32] Comment 14(C) to U.S.S.G. § 2K2.1 explains that for purposes of § 2K2.1(b)(6)(B), "another felony offense" means "any Federal, state, or local offense, other than the . . . firearms possession . . ., punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."[33]

The Court holds that the conduct alleged in count 2 of the indictment, charging Dockery with possession of cocaine in violation of 21 U.S.C. § 844(a), constituted "another felony offense," as U.S.S.G. § 2K2.1(b)(6) defines the phrase. As a result, Dockery has not shown that counsel's legal advice about the application of § 2K2.1(b)(6) caused him any prejudice or altered the outcome of the proceedings. For purposes of federal law, 21 U.S.C. § 844 makes it illegal for a person to possess a controlled substance and imposes a term of imprisonment of not more

---

[32] U.S.S.G. § 2K2.1(b)(6)(B).

[33] *Id.*, cmt. 14(C). Comment 14(A) states that § 2K2.1(b)(6) applies only "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." The Sixth Circuit has signaled its reluctance to apply the enhancement in cases involving simple possession of small quantities of narcotics without any other evidence of drug trafficking. *E.g. United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014); *United States v. Shields*, 664 F.3d 1040 (6th Cir. 2011). More recently though, the Sixth Circuit described the language of § 2k2.1(b)(6) as "expansive" and explained that the enhancement can apply even if a drug dealer does not use the gun to sell drugs. *United States v. Sweet*, 776 F.3d 447, 450 (6th Cir. 2015).

Dockery does not argue that the § 2K2.1(b)(6) enhancement should not have applied because his possession of the firearm did not facilitate, or have the potential to facilitate, his possession of the cocaine, though Dockery does assert that he possessed the drugs only for personal use. *See* Mot. to Vacate 5 (ECF No. 1). Therefore, the Court need not reach that issue to decide Dockery's § 2255 Motion. The Court discusses the evidence giving rise to an inference of Dockery's intent to distribute below.

than 1 year and, in any case where the defendant has a prior narcotics conviction "under the law of any State," not more than 2 years.[34] According to Dockery's presentence investigative report, Dockery was convicted in Shelby County General Sessions Court of possessing 1.15 grams of cocaine in March 2010. Thus, Dockery had a prior narcotics conviction under the law of the state of Tennessee. Dockery's possession of the cocaine in August 2010 was "punishable by imprisonment for a term exceeding one year," up to two years incarceration under 21 U.S.C. § 844. Therefore, Dockery's conduct of possessing the cocaine constituted "another felony offense" under federal law.

What is more, Dockery conceded that he did, in fact, possess 1.16 grams of cocaine at the time of his arrest. According to the presentence investigative report,

> After his arrest, the bags possessed by Dockery were searched and found to contain a revolver, a scale, a razor blade, and 1.16 grams of cocaine. The bags also contained various personal items including cell phones, cameras, and a laptop computer. While in custody, Dockery spontaneously uttered that he used cocaine immediately prior to the arrival of the officers.[35]

Dockery did not object to this recitation of the facts at sentencing. When the Court asked the defense if there were objections to the facts contained in the presentence report, counsel for Defendant responded that there were none.[36] By failing to object to the presentence report,

---

[34] 21 U.S.C. § 844(a).

[35] Presentence Investigative Rep. ¶ 6.

[36] Sentencing Tr. 3:25-4:4.

Dockery "accepted all of the factual allegations contained in it."[37]  Not only did Dockery admit

that he possessed cocaine, counsel for Defendant stated as follows at the sentencing hearing:

> Circumstances of the offense are such that the police were called.  Mr. Dockery's
> ex-girlfriend had called the police saying that she felt like she was being
> threatened.  They came, they found the gun and some drugs.  And there is no
> avoiding it.  Mr. Dockery came in, he admitted that he had committed another
> felony while possessing this firearm.  That other felony was possessing 1.6 grams
> of cocaine, which is a Class B felony in the State of Tennessee.  He admitted to
> that.  He agreed to that in the plea agreement, from the very beginning.  So that's
> not an issue, Your Honor.  The four-point enhancement applies, and we agree
> with that.[38]

Based on the conceded facts recited in the plea agreement and counsel's statements to the Court

at sentencing, Dockery admitted that he possessed the cocaine at the time of his arrest.  In light

of Dockery's prior drug offense under Tennessee law, his possession of 1.16 grams of cocaine in

August 2010 constituted "another felony offense" pursuant to 21 U.S.C. § 844(a).  Therefore, the

four-level enhancement at § 2K2.1(b)(6) applied, and Dockery has not shown that he suffered

any prejudice from counsel's advice during the negotiation of his plea agreement.

It is true that counsel stated at sentencing that Dockery's possession of the cocaine was a

felony offense under Tennessee law.[39]  Counsel's statements at sentencing actually suggest that

Dockery had admitted to possessing the 1.16 grams of cocaine with the intent to distribute.

Counsel stated to the Court that Dockery's admitted conduct constituted a Class B felony under

---

[37] *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008).

[38] Sentencing Tr. 12:13-25, Jan. 3, 2012.

[39] It further appears that counsel may have misstated the quantity of cocaine Dockery
possessed.  The presentence investigative report states that Dockery possessed 1.16 grams, and
counsel stated at the sentencing hearing Dockery possessed 1.6 grams.  This disparity, however,
is immaterial to the issues presented in Dockery's § 2255 Motion.

Tennessee law. Tenn. Code Ann. § 39-17-417(c)(1) makes possession of at least 0.5 grams of cocaine with the intent to sell or distribute a Class B felony; whereas, simple possession of cocaine generally constitutes a Class A misdemeanor.[40] Other facts in the presentence report, to which Defendant raised no objection at sentencing, also suggest that Dockery possessed the cocaine with the intent to distribute. At the time of Dockery's arrest, the police discovered the cocaine in bags (though the size of the bags is not clear from the report) together with the firearm, a scale, and a razor blade. These additional circumstances suggest Dockery's intent to distribute drugs and not simply to possess them for personal use, though the Court did not make a specific finding of this kind at sentencing.[41] In the final analysis, the Court need not decide whether Dockery's possession of the cocaine amounted to "another felony offense" under Tennessee law. For the reasons already discussed, the Court concludes that Dockery's conduct was "another felony offense" under 21 U.S.C. § 844(a).

Before leaving Dockery's claim raised in Ground One, the Court briefly notes Dockery's claim that he "was under a lot of medication" at the time he entered into the plea agreement and that counsel "coerced" him into accepting the plea. Dockery's contentions here are belied by the

---

[40] Tenn. Code Ann. § 39-17-418(c)(1).

[41] *United States v. Richardson*, --- F. App'x ---, No. 13-2287, 2015 WL 480356, at *6 (6th Cir. Feb. 6, 2015) (referring to a scale and razor blade as "other indicia of distribution activities"); *United States v. Fudge*, 175 F. App'x 694, 698 (6th Cir. 2006) (describing a scale as one of the "classic trappings of drug dealing" and "evidence consistent with an intent to distribute narcotics"); *United States v. Rodriguez*, 882 F.2d 1059, 1063 (6th Cir. 1989) (noting scales were "commonly used to weigh drugs" and therefore probative of intent to distribute); cf. *Seymour*, 739 F.3d at 929-30 (holding that § 2K2.1(b)(6) enhancement did not apply where the defendant simply possessed a firearm in close proximity to 2.4 grams of crack cocaine and five hydrocodone pills); *Shields*, 664 F.3d 1040 (holding that § 2K2.1(b)(6) enhancement did not apply where the defendant simply possessed a firearm in close proximity to 4.2 grams of marijuana and an empty baggie with cocaine residue on it).

terms of the plea agreement he signed in which he agreed that "no threats have been made to induce him to plead guilty" and that he had "read this agreement, [had] discussed it with his attorney, and [understood] it." Dockery reaffirmed the same points under oath to the Court during his change-of-plea hearing. Therefore, Dockery's § 2255 Motion is **DENIED** as to Grounds One and Three.

## B. Ineffective Assistance During the Sentencing Hearing

In Grounds Two, Five, and Six, Dockery alleges that counsel provided ineffective assistance at the sentencing hearing. Specifically, Dockery contends that counsel (a) failed to object to the § 2K2.1(b)(6) enhancement at the sentencing hearing; (b) failed to object to the Court's fact-finding as to the 21 U.S.C. § 844 charge and the Court's application of the four-level enhancement at § 2K2.1(b)(6); and (c) failed to object to the Court's conclusion that Dockery's simple possession was a felony offense under Tennessee law and the resulting two-point increase in Dockery's offense level where Dockery's prior conviction occurred while he was a minor and more than five years prior to his instant simple possession charge. In Ground Seven, Dockery adds that counsel's conflict of interest as the Federal Public Defender and an employee of the government caused each of these failures to provide effective representation at the sentencing. Dockery's claims are simply another gloss on his theory that the enhancement at U.S.S.G. § 2K2.1(b)(6) should not apply in this case. The Court finds each of the claims related to Dockery's sentencing to be without merit.

With respect to counsel's failure to object to the enhancement at sentencing, Dockery had already agreed in his plea agreement "that the specific offense characteristic enhancement found

at U.S.S.G. § 2K2.1(b)(6) is applicable in this case."[42]   Dockery affirmed in the plea agreement that counsel had advised him and he had a full understanding of the "nature of the charge to which the plea is offered and the maximum possible penalty provided by law."[43]   Dockery also affirmed that he had read the agreement, that he had discussed it with counsel, that he understood the agreement, and that he was satisfied with his attorney's representation.[44] Not surprisingly, the presentence investigative report noted the parties' stipulation and included the enhancement in its calculation of Dockery's offense level.   In short, the Court sentenced Dockery pursuant to the guidelines he asked the Court to apply.   It is not clear then why counsel should have objected to the enhancement at the sentencing hearing when the parties had already agreed that the enhancement applied.

Even if counsel had raised an objection at the hearing and argued that Dockery's possession of the cocaine was not "another felony offense" for purposes of § 2K2.1(b)(6), his argument would have been frivolous.   For the reasons already explained, Dockery's admitted conduct constituted "another felony offense," that is, a violation of 21 U.S.C. § 844 for which the penalty was not more than two years imprisonment.   As such, Dockery has not shown that his admitted conduct would not have supported the § 2K2.1(b)(6) enhancement.   "Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of

---

[42]  Plea Agr. ¶ 4.

[43] *Id.* ¶ 1(a).

[44] *Id.* ¶ 10.

ineffective representation."[45]  Therefore, the Court concludes that Dockery has not shown how counsel's failure to object fell below the objective standard of reasonableness or that counsel's failure to object caused Dockery any prejudice.

Next, Dockery has not shown why counsel should have objected to the Court's factual determination that Dockery had committed the 21 U.S.C. § 844 offense or the Court's application of the four-level enhancement at § 2K2.1(b)(6).  Again, the parties raised no objection to the facts set forth in the presentence investigative report and agreed in the plea agreement that the enhancement should apply.  Under the circumstances, the Court accepted "as true all factual allegations in a PSR to which the defendant [had] not objected"[46] and "relied on the PSR in applying the Section 2K2.1(b)(6) enhancement."[47]  Furthermore, counsel for Defendant stated during the sentencing hearing that Dockery admitted to the possession of the firearm and the cocaine and the applicability of § 2K2.1(b)(6).  Therefore, the Court finds no grounds to support the claim that counsel should have objected to the facts as the Court determined them.

Dockery's other claim related to sentencing is his contention that counsel should have objected to the conclusion that Dockery's simple possession was a felony offense under Tennessee law.  As the Court has already mentioned, counsel argued at sentencing that

---

[45] *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003) (citing *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986)).

[46] *United States v. Whitelow*, No. 13-6393, 2015 WL 73551, at *4 (6th Cir. Jan. 7, 2015); *see also* Fed. R. Crim. P. 32(i)(3)(A) ("[The sentencing court] may accept any undisputed portion of the presentence report as a finding of fact.").

[47] *United States v. Hyler*, 308 F. App'x 962, 967 (6th Cir. 2009).

Dockery's possession of cocaine was a Class B felony under Tennessee law and therefore supported the § 2K2.1(b)(6) enhancement. It is not clear to the Court whether counsel was assuming that Dockery possessed the cocaine with the intent to distribute in violation of Tenn. Code Ann. § 39-17-417 or that Dockery simply possessed the drugs in violation of Tenn. Code Ann. § 39-17-418. In any event, Dockery now argues that simple possession of the cocaine would only qualify as a felony under Tennessee law if Dockery had had two prior drug convictions. According to the presentence investigative report, Dockery had only one prior drug conviction as an adult and one prior drug conviction as a minor.[48]

The Court finds this claim to be without support. The Court did not conclude at sentencing that Dockery's simple possession was a felony offense under Tennessee law.

---

[48] Dockery raised this issue in a motion to amend his § 2255 motion (ECF No. 2) filed on August 1, 2012. The full text of Dockery's claim reads as follows:

> Tennessee law clearly states that possession of a controlled [sic] is a felony only when a defendant has "two or more prior convictions" for similar offense [sic]. Pro se criminal history was increased by two points for a felony that happen [sic] when Plaintiff was seventeen. An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if imposed within five years of the defendant's commence [sic] of the current offense. See § 4A1.2(d).

Dockery brings up his juvenile conviction apparently as part of his larger argument that his drug possession did not qualify as "another felony offense" for purposes of § 2K2.1(b)(6). Dockery's argument fails, however, because the Court did not actually increase his criminal history by two points for a felony drug offense Dockery committed while he was a minor. According to the presentence investigative report, Dockery had only one juvenile adjudication at all, a charge of possession with intent to sell a quantity of marijuana. But at sentencing the Court adopted the report's recommendation and added zero points to Dockery's criminal history for the juvenile offense. Because the Court did not increase Dockery's criminal history by two points for a prior felony offense committed when Dockery was a juvenile, the Court finds no support for Dockery's argument on this point and declines to consider it further.

Counsel had no duty to object to a ruling that was never actually made. The Court did apply the § 2K2.1(b)(6) enhancement by stipulation of the parties. And for purposes of Dockery's § 2255 Motion, the Court need not decide whether Dockery's admitted conduct was a felony under Tennessee law. The Court has already concluded that Dockery's possession was a felony pursuant to 21 U.S.C. § 844(a), thereby satisfying § 2K2.1(b)(6)'s definition of "another felony offense." So even if Dockery could prove that his conduct was not felonious under Tennessee law (and the Court makes no determination on that point), he has failed to show that counsel's performance caused him any prejudice.

Having concluded that Dockery has not shown an entitlement to any relief for the reasons listed in Grounds Two, Five, and Six, Dockery's allegation of bias as the root cause of counsel's failure to make these arguments at the sentencing hearing must also be rejected. Dockery's conclusory claim that counsel failed to provide effective assistance at sentencing simply because he is an employee of the Federal Public Defender's Office is unsubstantiated. Even if Dockery had adduced evidence for such a theory, he has not shown that counsel's alleged bias prejudiced his case. Therefore, Dockery's § 2255 Motion is **DENIED** as to Grounds Two, Five, Six, and Seven.

## C. Ineffective Assistance After Sentencing

In what is Dockery's fourth ground for relief, Dockery claims that counsel was ineffective for failing to file a motion after sentencing to challenge the application of the § 2K2.1(b)(6) enhancement. According to Dockery, counsel should have filed the motion once the government dismissed count 2 of the indictment charging Dockery with simple possession of the

cocaine in violation of 21 U.S.C. § 844.  Dockery further argues that counsel should have argued in the motion that the United States failed to prove the drug possession beyond a reasonable doubt.  The Court finds that both of these arguments are meritless.  First, the United States made a motion to dismiss count 2 of the indictment as part of its plea agreement with Dockery.  The plea agreement stated that count 2 would be "dismissed with prejudice at sentencing."  More to the point, the government's motion to dismiss the drug offense had no bearing on the applicability of the § 2K2.1(b)(6) enhancement.  The Sentencing Guidelines are clear that the four-level enhancement at § 2K2.1(b)(6) applies "regardless of whether a criminal charge is brought."[49]  The fact then that the United States dismissed the drug possession count at sentencing has no bearing on whether the Court should apply the § 2K2.1(b)(6) enhancement.  Second, the government had the burden to prove the facts supporting the § 2K2.1(b)(6)(B) enhancement only by a preponderance of the evidence, not beyond a reasonable doubt.[50]  And as the Court has previously noted, the parties agreed to the underlying facts and the applicability of the enhancement in this case.  Therefore, counsel's failure to file a post-sentencing motion raising these arguments would have been frivolous and did not have caused Dockery any prejudice.

**D. Conclusory Claims**

In his remaining claims (Grounds Eight through Thirteen), Dockery argues that counsel's failure to do the following constituted ineffective assistance: (a) failure to obtain all exculpatory

---

[49] U.S.S.G. § 2K2.1, cmt. 14(C).

[50] *Seymour*, 739 F.3d at 929.

evidence; (b) failure to advise Dockery of his administrative remedies; (c) failure to work for Dockery's benefit as opposed to the benefit of the government; (d) failure to "rebut" the government's plea offer; (e) failure to provide representation free of bias and bad faith; and (f) failure to file objections to "clear" sentencing errors. The Court holds that Dockery's remaining claims are merely conclusory and completely devoid of any factual support.[51] The § 2255 Rules require that a motion under 28 U.S.C. § 2255 must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground."[52] Dockery has failed to comply with this rule. Dockery has not explained what efforts his attorney made to obtain discovery or what, if any, exculpatory evidence exists in this case. Nor has Dockery shown that any administrative remedy was available to him or how counsel could have or should have "rebutted" the government's plea offer. Therefore, Dockery's § 2255 Motion must be **DENIED** as to Grounds Eight through Thirteen.

## IV. Appeal Issues

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if

---

[51] *Jefferson*, 730 F.3d at 547.

[52] Rule 2(b)(1)-(2), § 2255 Rules; *see* **Error! Main Document Only.***Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) ("There is here no substantial allegation or new dispute of fact that would entitle appellant to a full evidentiary hearing, as petitioner's claims are stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof; and his motion is, thus, legally insufficient to sustain a review.").

the applicant has made a substantial showing of the denial of a constitutional right."[53]  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) that satisfy the required showing.[54]  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[55]  A COA does not require a showing that the appeal will succeed.[56]  Courts should not issue a COA as a matter of course.[57]

In this case, for the reasons previously stated, the issues raised by Dockery lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ.  Therefore, the Court **DENIES** a certificate of appealability.  The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[58]  Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate

---

[53] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[54] 28 U.S.C. §§ 2253(c)(2) & (3).

[55] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[56] *See Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[57] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[58] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

Procedure 24(a).[59]  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[60]  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[61]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[62]

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  March 30, 2015.

---

[59] *See Kincade*, 117 F.3d at 952.

[60] *See* Fed. R. App. P. 24(a)(1).

[61] *See* Fed. R. App. P. 24(a) (4)-(5).

[62] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.